B. B. Wyatt *v.* W. D. Tinsley, et al.

**Injunction—Damages.**

 When an injunction is dissolved the court may in its discretion call a jury to assess the damages sustained by those against whom the injunction was procured.

**Damages.**

 When the use of money is enjoined, the rate of damages does not exceed ten per cent.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

September 19, 1874.

Opinion by Judge Pryor:

The dismissal of the answer and cross-petition of Tinsley was a dissolution of the injunction, as upon that proceeding the restraining order issued. When an injunction is dissolved, the code expressly provides that the court shall assess the damages, and may in its discretion, empanel a jury for that purpose. When money is enjoined, the rate of damages shall not exceed ten per cent. on the amount released by the dissolution. No recovery of damages can be had on the bond. The party may recover the money enjoined, if lost by reason of the injunction, but no damages on the amount enjoined; so he may recover the value of the property if lost by reason of the injunction, but cannot recover damages for its use, hire or rent unless such damages have been assessed by the court at the time the injunction is dissolved. In this case it is not pretended that the money enjoined was lost, or the interest upon it, but on the contrary, the petition admits its collection; and the only damages that could be recovered would be the special damages not exceeding ten per cent., if such damages had been assessed by the court. No averment having been made, no recovery can be had. There is, therefore, nothing in the plaintiff's case and the court below very properly dismissed it. See Civ. Code, § 325. The evidence in the case shows beyond question that the notes held by the appellee, Tinsley, and pleaded as a set-off, had long prior thereto been settled and accounted for. The judgment is therefore *affirmed* on both the original and cross appeals.

*P. H. Darby, for appellant.*
*S. Marble, for appellees.*